IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARK E. RICHARDS,

     Petitioner,

v.                        Civil Action No. 3:12CV639

HAROLD W. CLARKE,

     Respondent.

**MEMORANDUM OPINION**

Mark E. Richards, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Over the last twenty-five years, Richards has received sentences of incarceration from at least a half-dozen jurisdictions in Virginia.[1] In his § 2254 Petition, Richards only challenges the alleged failure of the Virginia Department of Corrections ("VDOC") to properly execute his probation revocation sentence imposed by the Circuit Court of the County of Arlington ("Arlington Circuit Court") on November 12, 2010 (hereinafter "November 12, 2010 Probation Revocation Sentence").[2]   Richards contends that the VDOC violated the

---

[1]   In describing Richards's sentences, other than the sentence imposed by the Arlington Circuit Court, the Court generally omits any reference to suspended sentences because such inactive sentences fail to alter the Court's analysis of Richards's claims.

[2]   The November 12, 2010 Probation Revocation Sentence required Richards to serve the balance of a five-year sentence

Constitution by failing to credit towards the November 12, 2010

Probation Revocation Sentence the period of time Richards spent

in confinement between April 2, 2009 and November 12, 2010.

(Mem. Supp. § 2254 Pet. ¶ 42, ECF No. 2.)

A review of the record readily reveals that Richards's

§ 2254 Petition lacks merit because, as will be explained below,

between April 2, 2009 and November 12, 2010 Richards remained

confined on his Parole Eligible Sentences.[3]   Thus, the VDOC

the Arlington Circuit Court imposed on October 8, 1998 for grand
larceny, attempted grand larceny, and two counts of uttering or
passing a forged object.  Motion to Dismiss Ex. 1 ("Brown Aff.")
¶ 10, Richards v. Mahon, No. CL11-737 (Va. Cir. Ct. executed on
July 28, 2011).  The Arlington Circuit Court initially suspended
two years and nine months of that sentence.  Id.  Because
Richards committed the Arlington offenses after January 1, 1995,
no portion of the five-year sentence imposed for those offenses
is subject to parole.  See Va. Code Ann. § 53.1-165.1 (West
2013).

[3]  In addition to the November 12, 2010 Probation Revocation
Sentence from the Arlington Circuit Court, Richards has
sentences from three other jurisdictions, which this Court will
call the Parole Eligible Sentences.  The Parole Eligible
Sentences are relevant to Richards's current § 2254 Petition
because Richards received credit towards those sentences for the
period of time spent in confinement between April 2, 2009 and
November 12, 2010.  Specifically, on February 12, 1991, the
Circuit of the City of Richmond sentenced Richards to six years
of imprisonment for two counts of grand larceny and one count of
forgery.  Brown Aff. ¶ 4.  On April 4, 1991, the Circuit Court
of the County of Henrico sentenced Richards to seven years of
imprisonment for four counts of grand larceny and one count of
forgery.  Id. ¶ 5.  On June 18, 1991, the Circuit Court of the
County of Chesterfield sentenced Richards to five years of
imprisonment for one count of grand larceny.  Id. ¶ 6.  Also, on
September 23, 1999, the Circuit Court of the County of Henrico
revoked a previously suspended sentence for grand larceny and

2

credited that period of confinement against Richards's Parole Eligible Sentences. Nevertheless, the following discussion of Richards's claims becomes lengthy because of Richards's many different sentences and his failure to acknowledge that he received credit towards his Parole Eligible Sentences for the time spent in confinement between April 2, 2009 and November 12, 2010.

Richards asserts entitlement to relief upon the following grounds:

Claim One    The VDOC violated Richard's rights under the Double Jeopardy Clause[4] and Due Process Clause[5] by failing to credit towards Richards's probation revocation sentence the time that Richards spent in custody between April 2, 2009 and November 12, 2010. (See id. ¶ 38-41.)

Claim Two    "The state court decision that determined there was no reversible error in the state court decision that

---

ordered Richards to serve a year of imprisonment. Id. ¶ 14. Richards is eligible for discretionary parole on the nineteen-year term of imprisonment imposed in conjunction with the above sentences. Id. ¶ 23. As reflected below, infra Parts II.D, II.F, during the period between April 2, 2009 and November 12, 2010, Richards remained incarcerated serving time on his Parole Eligible Sentences.

[4] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

his probation revocation sentence was properly calculated involved an unreasonable application of Chapman v. California[, 386 U.S. 18 (1967)] and was contrary to Arizona v. Fulminante[,499 U.S. 279 (1991)]." (Amendment to Pet. for Writ of Habeas Corpus ("First Mot. Am.") ¶ 3, ECF No. 7 (capitalization corrected).)

Claim Three    "Petitioner contends that the seventeen month delay in the execution of the revocation warrant which caused a nineteen month delay in his revocation proceeding together with the effect of those delays" violated Richards's right to due process. (Id. ¶ 5.)

Claim Four     Wendy Brown submitted false statements in support of Respondent's response to Richards's state petition for a writ of habeas corpus. (Mot. for Leave to Supplement ¶ 7, ECF No. 39.)

Respondent has moved to dismiss on the grounds that Richards's claims lack merit. Richards has responded. (ECF Nos. 32-33, 35.) For the reasons set forth below, Richards's claims will be dismissed and petition for a writ of habeas corpus denied.[6]

---

[6] Richards often fails to succinctly set forth his claims for relief. Richards offers many subsidiary arguments in support of the claims set forth above. For example, on July 3, 2013, the Court received a Motion to Amend (ECF No. 20) with an attached proposed amendment. Those submissions fail to clearly set forth any new claim for relief. Instead, they provide rambling discussion as to how the Arlington Circuit Court allegedly erred in denying his state habeas petition and why this Court must grant him relief. The Court has reviewed all of Richards's primary and subsidiary arguments in concluding that he has failed to demonstrate entitlement to relief.

4

## I.  APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence."  Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).  Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2).  The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher

5

threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

Accordingly, any factual findings as to the execution of Richards's sentences are presumed correct. See 28 U.S.C. § 2254(e)(2). Moreover, this Court lacks authority to overrule the Virginia courts with respect to their interpretation of any Virginia statutes regarding the execution of the sentences of Virginia inmates. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") In light of these circumstances, the Arlington Circuit Court's factual and legal determinations as to how Richards's sentences were executed figure prominently in this Court's analysis.

## II.   PROCEDURAL HISTORY

### A.   Introduction

The present § 2254 Petition does not involve a comprehensive challenge to the execution of all of Richards's many sentences. Rather, the § 2254 Petition is limited to the discrete issue of whether the Constitution requires that Richards receive credit towards the November 12, 2010 Probation Revocation Sentence for the period of time Richards spent in confinement between April 2, 2009 and November 12, 2010. Nevertheless, the Court recites Richards's other sentences to

6

put to rest Richards's contention that he failed to receive credit towards _any_ sentence for the period he spent in confinement between April 2, 2009 and November 12, 2010.

**B.   Richards's Initial Service Of His Parole Eligible Sentences**

On August 17, 1994, Richards was released on discretionary parole. Brown Aff. ¶ 8. At the time of his release on parole, Richards had eleven years, two months and eight days left to serve on his Parole Eligible Sentences. _Id._

**C.   Initial Imposition And Service Of The Arlington Circuit Court Sentence**

On October 8, 1998, the Circuit Court of the City of Arlington sentenced Richards to five years of imprisonment for grand larceny, attempted grand larceny, and two counts of uttering or passing a forged object (the "Arlington Convictions"). _Id._ ¶ 10. The Arlington Circuit Court suspended two years and nine months of that sentence for an active prison term of two years and three months. _Id._ Richards is not eligible for discretionary parole with respect to any part of this sentence. _Id._ ¶ 23 (citing Va. Code § 53.1-165).

Additionally, on February 12, 1999, the Circuit Court of the County of Fairfax sentenced Richards to seven years of imprisonment for delivering a forged check. _Id._ ¶ 11. Richard is not eligible for discretionary parole with respect to the

7

Fairfax Sentence. See id. ¶ 23 (citing Va. Code § 53.1-165); id. Ex. A, at 5.

On March 26, 1999, Richards was returned to the custody of the VDOC. Brown Aff. ¶ 12. "On April 7, 1999, the Parole Board revoked Richards' discretionary parole." Id. ¶ 13.[7]

### D. Richards's Release On And Violation Of Discretionary Parole

"On January 22, 2008, Richards was again released on discretionary parole with 10 years and 15 days of time left to serve" on his Parole Eligible Sentences. Id. ¶ 15. On March 30, 2009, Richards was arrested for violating the terms of his parole and held for the VDOC. Id. ¶ 16. On June 22, 2009, the Parole Board revoked Richards's discretionary parole. Id. ¶ 17.

"On July 30, 2010, the Parole Board granted discretionary parole release to Richards, but prior to his release it was discovered there was an upcoming probation revocation hearing" for his 1998 non-parole-eligible sentence in the Arlington Circuit Court. Id. ¶ 18. "The Parole Board then notified Richards, by letter, that they had rescinded their decision to release him on discretionary parole. He remained in the custody

---

[7] A parole revocation hearing is an "administrative proceeding" conducted by the Virginia Parole Board. Logan v. Commonwealth, 666 S.E.2d 346, 348 (Va. 2008). Revocation of probation and the imposition of a suspended is a judicial proceeding conducted by the circuit court that initially sentenced the probationer. See, e.g., id. at 347.

8

of the VDOC" serving time on his Parole Eligible Sentences.[8]  Id.
Thus, the period of time Richards spent in custody between April
2, 2009 and November 12, 2010 was credited towards his Parole
Eligible Sentences.

### E.   November 12, 2010 Probation Revocation Sentence in the Circuit Court of the City of Arlington

On November 12, 2010, the Arlington Circuit Court revoked
Richards's probation and imposed the previously suspended two-
year and nine-month sentence for his Arlington Convictions.  Id.
¶ 19.  Richards is not eligible for discretionary parole with
respect to the November 12, 2010 Probation Revocation Sentence.
Id. ¶ 23 (citing Va. Code § 53.1-165).

### F.   The Denial Of Richards's State Petition For A Writ Of Habeas Corpus by the Circuit Court for the City of Arlington

Thereafter, Richards filed a petition for a writ of habeas
corpus with the Circuit Court challenging the execution of the
non-parole eligible November 12, 2010 Probation Revocation
Sentence.  In denying that petition, the Arlington Circuit Court
made the following findings and conclusions, notifying Richards

---

[8]  Richards does not direct the Court to any authority that
suggests that the Parole Board lacked the capacity to rescind
its grant of parole and require him to continue to serve the
Parole Eligible Sentences.  Richards ignores the fact that in
2009 and 2010 he was serving time on his Parole Eligible
Sentences.  Having disregarded this fact, Richards then insists
that between April 2, 2009 and November 12, 2010, he was in
pretrial custody on the November 12, 2010 Probation Revocation
Sentence.  (See Mem. Supp. § 2254 Pet. 5.)

in writing that for the time spent in custody between April 2, 2009 and November 12, 2010 Richards received credit against his "criminal sentences," or what this Court calls his Parole Eligible Sentences:

> Petitioner is currently serving sentences from this Court as well as from the City of Richmond, Henrico County, Chesterfield County, and Fairfax County. Since he committed some of his offenses prior to January 1, 1995, some sentences are parole eligible. See Va. Code § 53.1-151. For his offenses committed after January 1, 1995, those sentences are not subject to parole. See Va. Code § 53.1-165.1.
>
> Petitioner has been released on discretionary parole twice, violated the conditions of parole twice, and has had his parole revoked twice. On July 30, 2010, Petitioner was granted release on discretionary parole a third time but when it was discovered that this Court was proceeding on a show cause for probation violations, the Virginia Parole Board rescinded its decision prior to his release.
>
> Petitioner is raising the following issues:
> a. that he is not receiving credit for confinement in prison from April 2, 2009, through November 12, 2010, towards his probation revocation sentence;
> b. the effect of this Court's orders running certain of the probation revocation sentences concurrently is that he is not receiving credit for the above time served;
> c. that there is a state policy providing that Petitioner must serve his probation revocation sentence prior to serving his parole eligible felony sentences; and

10

d. that Respondent is imposing multiple punishment after the state placed him in jeopardy for the probation revocation.

Petitioner is receiving credit for his confinement in prison from April 2, 2009, through November 12, 2010. It is unclear why Petitioner asserts that he is not receiving such credit. Petitioner raises, through the institutional attorney Painter, a question as to whether he was receiving credit for time spent subsequent to the third grant of parole (July 30, 2010) and the subsequent rescission of that parole grant (December 16, 2010). The evidence shows that Petitioner has continued to receive credits since he was never released on that parole grant and that further the parole was not revoked but was in fact rescinded.

Petitioner seems to contend that he is not receiving credit for the time in question (April 2, 2009, through November 12, 2010) because the probation violation show cause was issued on April 2, 2009 but not served on Petitioner until October 14, 2009, despite the fact that he was in state custody at the time. This is incorrect. The fact that the Arlington County Sheriff's Office did not serve the show cause on Petitioner, did not deprive Petitioner of any credit. Petitioner was arrested on a parole revocation warrant on March 30, 2009, (prior to the issuance of the show cause order) and has remained in state custody ever since. (The third grant of parole release was rescinded by the Parole Board prior to his release in 2010). Therefore, since March 30, 2009, Petitioner has been credited with time served as against his criminal sentences [i.e., Parole Eligible Sentences].

Petitioner appears to assert that while VDOC may be crediting the time in question to certain of his sentences and not others (e.g. one of the other jurisdiction[']s sentences as opposed to this Court's revoked sentences imposed on November 12, 2010). Petitioner states as part of his requested relief from this Court that he is entitled to "credit **towards his probation revocation sentence** for 587 days served in a state correctional facility between April 2, 2009 and November 12, 20[10]; . . ." See Petition p. 10 (emphasis added). If his claim is that the credit

11

which he is receiving should be instead applied to a different sentence, this does not state a claim in habeas.

Richards v. Mahon, ("State Habeas Op.") No. CL11-737, at 1-3 (Va. Cir. Ct. Mar. 15, 2011) (omission in original).  On March 15, 2011, the Circuit Court for the City of Arlington dismissed Richards's state habeas petition.  Id. at 5-6.  Richards appealed.  The Supreme Court of Virginia refused Richards's petition for appeal.  Richards v. Mahon, No. 112251, at 1 (Va. July 16, 2012).

## III.  ANALYSIS

### A.  Claim One

"The primary thrust of the Double Jeopardy Clause is to protect a defendant from multiple punishments or successive prosecutions for the same offense."  United States v. Silvers, 90 F.3d 95, 99 (4th Cir. 1996) (citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled in part on other grounds Alabama v. Smith, 490 U.S. 794, 795 (1989)).  "[W]here there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended."  United States v. Wilson, 420 U.S. 332, 344 (1975).

It is well established that "[p]retrial detention is nothing less than punishment."  Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Parker v. Bounds, 329 F. Supp.

1400, 1401 (E.D.N.C. 1971)). Under this premise, the "guarantee (against double jeopardy) is violated when punishment already exacted for an offense is not fully credited in imposing sentence upon a new conviction for the same offense." Id. n.11 (internal quotation marks omitted) (citation omitted).

In Claim One, Richards insists the VDOC violated the Double Jeopardy Clause and the Due Process Clause when it failed to credit the time he spent in custody between April 2, 2009 and November 12, 2010 against the November 12, 2010 Probation Revocation Sentence. The Circuit Court found that "whatever Petitioner's confusion as to the time period of April 2, 2009, through November 12, 2010, it is clear that he is receiving credit for that time served against his [Parole Eligible Sentences]." State Habeas Op., at 4. Richards fails to direct the Court to any clear and convincing evidence to rebut this finding. See 28 U.S.C. § 2254(e)(2). Rather, the record supports the conclusion that the VDOC credited the period Richards spent in confinement between April 2, 2009 and November 12, 2010 against Richards's Parole Eligible Sentences. State Habeas Op., at 2-3.

Richards suggests that between April 2, 2009 and November 12, 2010, he was in pretrial detention for his Arlington Convictions and that period of time must be credited against

13

November 12, 2010 Probation Revocation Sentence.   This argument lacks factual merit as Richards was never in pretrial confinement during that period.   Rather, Richards remained confined serving the balance of his Parole Eligible Sentences. Claim One is "baseless" as "[t]here is nothing in the court sentences or parole revocation events that would indicate that Petitioner is serving multiple punishments for the same offense."   State Habeas Op., at 5.   Accordingly, Claim One will be dismissed.

### B.   Claim Two

Claim Two is a variation of Richards's argument that the Arlington Circuit Court erred in failing to credit the period between April 2, 2009 and November 12, 2010, against his November 12, 2010 Probation Revocation Sentence.   For example, Richards complains that "no period of pretrial confinement was credited to Petitioner's revocation sentence. And second, when the applicable period of pretrial confinement is credited to his revocation sentence, the date this sentence is fully served and Petitioner reaches his presumptive release date, must advance to before April 3, 2013."   (First Mot. Amend ¶ 5.)   As noted by the Arlington Circuit Court, Richards was not in pretrial custody on the probation revocation charge during the period between April 2, 2009 and November 12, 2010.   (State Habeas Op., at 2-3.)

14

Rather, Richards remained detained on his Parole Eligible Sentences. See id. at 3 ("Petitioner was arrested on a parole revocation warrant on March 30, 2009, (prior to the issuance of the show cause order) and has remained in state custody ever since.").[9] Because Richards fails to demonstrate any error by the Arlington Circuit Court, Claim Two will be dismissed.

### C. Claim Three

In Claim Three, Richards contends that his right to due process was violated by the delay in conducting a revocation hearing on the Circuit Court's order to show cause as to why his suspended sentence should not be revoked. (See First Mot. Amend 7.) The Supreme Court has held that procedural due process requires a reasonably prompt hearing when a probationer or parolee is taken into custody for an alleged violation of the terms of his or her probation or parole. See Morrissey v. Brewer, 408 U.S. 471, 485, 488 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973). Nevertheless, the procedural protection of a prompt hearing only applies when the offender is taken into custody by virtue of the violator warrant. See Moody v. Daggett, 429 U.S. 78, 87-89 (1976). Here, the show cause order

---

[9] Richards fails to direct the Court to any factual circumstance or constitutional principle which requires that he receive credit against both his Parole Eligible Sentences and his November 12, 2010 Probation Revocation Sentence for the time spent in custody between April 2, 2009 and November 12, 2010.

15

with respect to the suspended sentence from the Arlington Circuit Court was simply lodged as a detainer and was not executed prior to the revocation hearing in that court. State Habeas Op., at 3. Thus, Richards enjoyed no right to a prompt revocation hearing with respect to the show cause order from the Arlington Circuit Court. See Moody, 429 U.S. at 89 (holding there exists "no constitutional duty to provide [a probationer] an adversary . . . hearing until he is taken into custody as a [probation] violator by execution of the warrant"); United States v. Ramos, 401 F.3d 111, 115 (2d Cir. 2005); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 91 (2d Cir. 1986) (citations omitted) ("Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant."). Accordingly, Claim Three will be dismissed.

### D. Claim Four

In his Fourth Claim, Richards insists that he is entitled to relief because Wendy Brown lied in the affidavit that Respondent submitted in support of his Motion to Dismiss Richards's state habeas petition. First, this allegation provides no basis for federal habeas corpus relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted).

16

This is so because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))).

Second, this claim lacks factual merit.  Richards notes:

> In her affidavit, . . . Brown stated that Petitioner's probation revocation sentence was not a felony sentence committed on or after January 1, 1995, which did not have to be served prior to Petitioner's felony sentences committed before January 1, 1995.  In Respondent's memorandum to his answer, [Respondent] admitted that Brown's averments were false and that Petitioner's probation revocation sentence is a continuation of his sentence imposed in 1998 and Petitioner's revocation sentence is to be served prior to his felony sentences received before January 1, 1995.  See Brown Affidavit, ¶ 25 (ECF 29).

(Mot. for Leave to Supplement ¶ 4.)

Richards has provided a tortured reading of both Brown's affidavit and Respondent's Memorandum.  First, the predicate is in error because Respondent did not admit that Brown lied in her affidavit.  Second, Brown never stated that Richards's Circuit

17

Court Probation Revocation Sentence was not a felony. Finally, Brown failed to state that the Circuit Court Probation Revocation Sentence "did not have to be served prior to Petitioner's felony sentences committed before January 1, 1995." Id.

Brown simply indicated that VDOC policy requires inmates to serve non-parole eligible sentences prior to serving their parole eligible sentences. Brown stated, "Offenders are not required to serve probation revocation sentences prior to serving felony sentences. Offenders are required to serve offenses committed on or after January 1, 1995 prior to offenses committed before January 1, 1995." Brown Aff. ¶ 25. Thus, upon the revocation of his probation by the Circuit Court for the City of Arlington, Brown began serving the two-year-nine-month non-parole eligible sentence imposed by that court. Accordingly, Claim Four will be dismissed.

### IV.  CONCLUSION

Richards's Motion to Amend (ECF No. 20) and Motion to Supplement (ECF No. 39) will be granted. The Motion to Dismiss (ECF No. 28) will be granted. Richards's claims are dismissed. The petition for a writ of habeas corpus will be denied and the action will be dismissed. Richards's Motion to Alter Judgment and Relief from Judgment (ECF No. 42) will be denied.

18

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(A).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Richards fails to meet this standard.   A certificate of appealability will therefore be denied.  Richards's Application for a Certificate of Appealability (ECF No. 41) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Richards and counsel of record.

                                    /s/    REP
                                    Robert E. Payne
                                    Senior United States District Judge

Richmond, Virginia
Date: February 20, 2014

19